```
                      UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,**   ) | |
| ) | |
| v.                            ) | CRIM. NO. 03-10283-NG |
| ) | |
| **RUDY FRABIZIO,**              ) | |
| **Defendant.**            ) | |

**GERTNER, D.J.:**

**MEMORANDUM AND ORDER RE:**
**MOTION FOR RECONSIDERATION AND CLARIFICATION**
November 22, 2006

The government has filed a motion for reconsideration and clarification of my decision of August 11, 2006, United States v. Frabizio, 445 F. Supp. 2d 152 (D. Mass. 2006)(docket #118). That motion is denied in part and allowed in part.

With respect to the government's motion for clarification and reconsideration:

Dr. Celeste Wilson: The Court did not have Dr. Wilson's testimony before it at the time of the decision of August 11, 2006. Nevertheless, the government is correct that the decision logically covers her testimony as well. Dr. Wilson's approach was to visually examine the images in question. As I indicated, until the government offers testimony to address the question of whether the images were wholly virtual, the testimony of Dr. Wilson, like that of Mr. Musheno (the subject of the August 11, 2006, Order) cannot assist the trier of fact. An expert whose testimony relies on visual observation cannot reliably evaluate pictures for signs of computer generation.

As I noted:

> In a world of rapidly changing technology, where the availability and use of Photoshop and other, similar programs is widespread, substantial evidence suggests it may be possible to digitally create or manipulate photographs in a manner the naked eye cannot detect. The government has not shown otherwise. Under these circumstances, it is unreasonable to expect a lay jury to differentiate the real from the computer-generated. The government must therefore present an expert or other extrinsic evidence to prove that the images in question depict real children.
>
> Whether the images in this case are real or virtual cannot be determined based on mere observation, however, even by a photographic expert. More specialized, computer-based knowledge is required to exclude the possibility that the pictures are wholly virtual."

445 F. Supp. 2d at 169.

That does not mean that Dr. Wilson is permanently barred from testifying. It means that her testimony is inadmissible, standing alone, to answer the threshold question -- are these images wholly computer generated. In <u>United States v. Hilton</u>, 386 F. 3d 13 (1st Cir. 2004), for example, the court rejected the argument that a pediatrician's testimony regarding the apparent age of the children depicted obviated the need for an explicit finding that the children depicted were real. If the government could show that *these* images are not wholly computer generated either because that technology did not exist at the time, or because the images in the case at bar involve "crude

manipulations of a real image" (445 F. Supp. 2d at 159 n.8) -- the government may offer Dr. Wilson's testimony.  I say "may" because the defendant has not had an opportunity to examine Dr. Wilson's testimony or determine whether he will bring a <u>Daubert</u> challenge to it.

Motion to reconsider:  First, the government notes that the <u>Daubert</u> hearing on Agent Musheno "was not a basis from which the Court could opine on the relevant state of technology."  It was for that reason that I explicitly invited the parties to file further briefs, or to proffer additional evidence.  When it was clear that I was concerned about whether it was possible to create a wholly virtual image, which a visual observer could not detect, I gave the parties nearly six weeks "to submit such filings and request a hearing, if appropriate."  The government submitted no evidence; nor did it request a hearing.  If the government thought that the existing record was inadequate, it should have said so at that time.  It did not.

Nevertheless, because of the importance of this issue, I will give the government an opportunity to supplement this record on the question of the state of technology as it existed at the relevant time.

Second, the government suggests that the Supreme Court has already resolved the issue in the case at bar.  It did not.  In <u>Ashcroft v. Free Speech Coalition</u>, 535 U.S. 234 (2002) the Court

was addressing a hypothetical question and one from 2002 to boot. The Supreme Court did no more than assume that if the government's position were true, that virtual images are indistinguishable from real ones, that would be irrelevant to a constitutional analysis. The fact that it would be difficult to tell the real images -- which are not protected -- from the virtual images – which are protected -- is not a basis for suppressing lawful speech, i.e. the virtual images.

> The argument, in essence, is that protected speech may be banned as a means to ban unprotected speech. This analysis turns the First Amendment upside down.
>
> The Government may not suppress lawful speech as the means to suppress unlawful speech. Protected speech does not become unprotected merely because it resembles the latter. The Constitution requires the reverse. The possible harm to society in permitting some unprotected speech to go unpunished is outweighed by the possibility that protected speech of others may be muted [.]

<u>Ashcroft v. Free Speech Coalition</u>, 535 U.S. 234, 255. (2002).

Third, with regard to the government's claim that all of the circuit courts have held that a "jury may determine for itself based on a review of photographs and absent expert testimony whether a depiction is of a real child." That may be so. The question of whether a jury can evaluate whether the images are real or virtual, whether technology has advanced to the point a virtual image is indistinguishable from a real one, on visual observation, is a factual one, not a legal one, and one whose

answer may well change over time.  It may well have one answer in 2000 and another in 2020.

This Court's Order suggested only that before admitting experts who only look at the images, the government has to address the possibility that the images are wholly virtual.  And, in any case, it is not true that "all circuit courts" have held that this issue is appropriate for lay testimony.  As I noted in my memorandum, that issue remains an open one in the First Circuit, <u>Frabizio</u>, 445 F. Supp. 2d at 156, quoting <u>United States v. Rodriquez-Pacheco</u>, CA No. 05-1815, entered April 4, 2006.

Finally, the government argues that my Order imposed too great a burden on the government to "eliminate[] the possibility that the images in this case were wholly computer generated."  The government translates that order as one requiring that the jury know "to a certainty" that the relevant images depict real children.  If the order gave that impression, it would surely be wrong.  Plainly, the government needs to show that the images are not virtual by the usual standards -- no more, no less.

**SO ORDERED.**

**Date:  November 22, 2006**          */s/Nancy Gertner*
                                  **NANCY GERTNER, U.S.D.C.**