UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 03-10283-NG |
| | ) | |
| RUDY FRABIZIO | ) | |

SENTENCING MEMORANDUM
AND MOTION FOR BELOW-GUIDELINE SENTENCE

Defendant, Rudy Frabizio, respectfully submits this memorandum to assist this court in sentencing and in support of his request for a below-guideline sentence of time served.

I. MR. FRABIZIO SHOULD RECEIVE A TWO-LEVEL REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY.

Under the Sentencing Guidelines, an adjustment for acceptance of responsibility is appropriate when, <u>inter alia</u>, a defendant "truthfully admit[s] the conduct comprising the offense(s) of conviction" and demonstrates "post-offense rehabilitative efforts." U.S.S.G. § 3E1.1., comment n.1.

Here, Mr. Frabizio did not contest his conduct at trial and has demonstrated post-offense rehabilitation, as set forth in Section II of this memorandum. <u>Cf</u>. <u>United States v. Baltas</u>, 236 F.3d 27, 37-38 (1st Cir. 2001)("the record is barren of any pretrial statements or conduct indicating that Baltas accepted responsibility").

The adjustment is not foreclosed because a defendant went to trial. The guideline commentary specifically permits an adjustment after trial "where a defendant goes to trial to assert

and preserve issues that do not relate to factual guilt (<u>e.g.</u> to make a constitutional challenge to a statute <u>or a challenge to the applicability of a statute to his conduct</u>." U.S.S.G. § 3E1.1., comment n.2 (emphasis added)

At trial, the defense did not dispute the government's allegations regarding his conduct. The defense did not attempt to show that Mr. Frabizio did not knowingly possess the images in question. Instead, the defense focused solely upon whether the images in question were depictions of sexually explicit conduct involving a minor, within the meaning of 18 U.S.C. § 2256(2)(A).

This case can be distinguished from those cases in which the defendant raised an affirmative defense, such as insanity, <u>see</u> <u>United States v. Gorsuch</u>, 2004 U.S. App. LEXIS 14400 (1st Cir. July 14, 2004) or self-defense, <u>United States v. Bello</u>, 194 F.3d 18 (1st Cir. 1999).[1] Here, the defense fell squarely within the exception contemplated by the commentary to U.S.S.G. § 3E1.1.

II.  THIS COURT SHOULD DEPART DOWNWARD FOR POST-OFFENSE REHABILITATION.

Mr. Frabizio spent nearly two years in custody after his arrest in this case. He was released to the Coolidge House on June 14, 2005. PSR, ¶ 5. After about one year at the Coolidge

---

[1] The First Circuit has not held that all affirmative defenses bar an acceptance reduction. <u>See</u> <u>Baltas</u>, 236 F.at 38 n.6 (1st Cir. 2001) (declining to reach issue of whether entrapment defense forecloses acceptance adjustment).

House, Mr. Frabizio's "conditions of release were modified to permit him to reside in the community." Id.

During the more than four years since Mr. Frabizio's release, he has complied with all of his conditions of release. He has encountered no new legal problems. Formerly a frequent user of marijuana, he has abstained from use of any illegal substances since 2002. PSR, ¶ 82. He has maintained steady employment, PSR, ¶¶ 88-91, with the exception of a six-month period resulting from a lay-off. PSR, ¶ 89. The employer who laid him off described him as "hardworking," "very capable," and "well liked," and has indicated that he would consider re-hiring Mr. Frabizio in the future. PSR, ¶ 90.

Perhaps most importantly, Mr. Frabizio has established a stable, committed relationship with his fiancee, Maureen Charbonneau. As Ms. Charbonneau told the probation officer, Mr. Frabizio recognizes that "the events of the past several years have completely changed his life." PSR, ¶ 78. See also Letter from Maureen Charbonneau to the Court, submitted July 24, 2009. Mr. Frabizio told Ms. Charbonneau about the charges against him early in their relationship and has "earned her trust through his honesty, attentiveness and caring nature[.]" PSR, ¶ 71.

Mr. Frabizio describes himself as "'better off' than he has ever been. He explains that he is thinking clearly now, has a good job, has a home, and is in a relationship with his best

friend." Id.  He voluntarily sought treatment for his mental health difficulties and has remained in treatment.  PSR, ¶ 76.  "He plans to continue with medication monitoring and feels that the open communication he enjoys with his fiancee provides him with adequate support."  PSR, ¶ 78.

### III. THE STATUTORY FACTORS UNDER 18 U.S.C. ¶ 3553(a) WARRANT A SENTENCE OF TIME SERVED.

Under 18 U.S.C. § 3553(a), the Court should impose a sentence that is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in Section 3553(a)(2).  Those purposes are:  "(A) to reflect the seriousness of the offense . . . (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; . . . and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]"

In this case, consideration of those purposes, as well as the statutory factors set forth in § 3553(a) warrant a sentence of time served.  Mr. Frabizio spent 23 months in pretrial custody, and one year in a halfway house.  In his four years of pretrial release, he has turned his life around.  If this Court were to adopt the guidelines calculation set forth in the PSR, the low end sentence of 30 months would – after a reduction for good time – be equivalent to a 27 month sentence.  On a 30-month sentence, a prisoner usually would be eligible for release to a

halfway house between three to six months before the end of his sentence.  Given the time that Mr. Frabizio spent in a halfway house, he already has served more than the equivalent of such a sentence.  But if Mr. Frabizio were sentenced to additional imprisonment at this time, he would have to enter the custody of the Bureau of Prisons before he could be considered for halfway house placement.  It would serve no purpose of sentencing to disrupt his currently stable life to impose this additional burden.  If anything, it would undo the positive strides that he has made over the past four years.

IV.　THE ENHANCEMENTS FOR USE OF A COMPUTER AND DEPICTIONS OF PRE-PUBESCENT MINORS SHOULD BE DISREGARDED.

　　　The district courts are permitted to consider particular disagreements with the Sentencing Commission's underlying guideline sentencing policy as it is expressed in an advisory guideline range.  Indeed, a district court's disagreement with the policy choices underlying a particular guideline sentencing range is, <u>by itself</u>, sufficient to justify a non-guideline sentence.  <u>Spears v. United States</u>, 129 S.Ct. 840 (2009)(per curiam).

　　　Like the 100-to-1 crack/powder disparity embedded within the drug guidelines, the child pornography guidelines have invited critical scrutiny as to whether they truly embody the Commission's exercise of its characteristic institutional role.  <u>See</u>, <u>e.g.</u>, <u>United States v. Hanson</u>, 561 F.Supp.2d 1004, 1009

(E.D. Wis. 2008)(noting that from 1994 to 2007 the mean sentence in child pornography increased from 36 months to 110 months because of "arbitrary increases" rather than by any empirical approach by the Sentencing Commission); United States v. Johnson, 588 F.Supp.2d 997, 1003 (S.D.Iowa 2008)("As far as this Court can tell, these modifications [to the child pornography guideline] do not appear to be based on any sort of empirical data, and the Court has been unable to locate any particular rationale for them beyond the general revulsion that is associated with child exploitation-related offenses."); United States v. Grober, 595 F.Supp.2d 382 (D.N.J. 2008).

The guidelines applicable to Mr. Frabizio's sentence, those in effect in January 2003, are lower than the current ones.  But the guidelines calculated in this case include two enhancements that courts and commentators have identified as irrational: an enhancement for use of a computer, PSR, ¶ 29(B), and a two-level increase under U.S.S.G. § 2G2.4(B)(1) because the images depict prepubescent minors, PSR, ¶ 29.

As the Hanson court observed:

> [T]he Commission has noted that the enhancement for use
> of a computer does not make much sense because online
> pornography comes from the same pool of images found in
> specialty magazines or adult bookstores. . . . If the
> defendant did not use the computer to widely
> disseminate the images, use them to entice a child, or
> show them to a child, the purpose for the enhancement
> is not served. . . . Yet it applies in virtually all
> cases.

Hanson, 561 F.Supp.2d at 1009-1010.  The enhancement for prepubescent images is one that, as the Commission has recognized, applies in almost every case.  Amendment 664 to United States Sentencing Guidelines, (November 1, 2004).

Such enhancements are "irrational because logically and factually, the characteristics are simply not genuine aggravating factors. Rather, they are inherent in just about any downloading offense."  Grober, 595 F.Supp.2d at 397, citing testimony of FBI agent that all of the 180 investigations she had conducted involved the use of a computer and images of prepubescent minors.

In the absence of these two enhancements, the guideline range would be 18-24 months, even without a reduction for acceptance of responsibility.  If that reduction were applied, the guidelines would be 12-18 months.

## CONCLUSION

Defendant respectfully requests that this Court sentence him to time served, with a two-year term of supervised release, a low-end fine of $6,000, and a $100 special assessment.

                                        RUDY FRABIZIO
                                        By his attorney,

                                        /s/Miriam Conrad

                                        Miriam Conrad
                                          B.B.O. #550223
                                        Federal Defender Office
                                        408 Atlantic Ave., 3rd Floor
                                        Boston, MA  02110
                                        Tel: 617-223-8061

<u>Certificate of Service</u>

     I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on August 14, 2009.

                                            /s/ Miriam Conrad

                                            Miriam Conrad